IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Education Credit Management Corporation, | : | |
| | : | Civil Action 2:12-cv-00015 |
| Plaintiff | | |
| | : | Judge Sargus |
| v. | | |
| | : | Magistrate Judge Abel |
| The Higher Peaks Learning Academy, Inc., | : | |
| Defendant | | |

## Order

This matter is before the Court on plaintiff Education Credit Management Corporation's ("ECMC")  July 3, 2012 motion for default judgment against defendant The Higher Peaks Learning Academy, Inc. Defendant was served with the summons and complaint on April 13, 2012. *See* doc. 3. No answer or other responsive pleading has been filed.

<u>Allegations in the Complaint</u>. Plaintiff ECMC is a private, non-profit Minnesota corporation and guaranty agency. Compl. at ¶ 1. Under Title IV, Part B, of the Higher Education Act ("HEA"), Congress enacted a program in which the federal government encouraged the making of loans by private lenders to finance eligible students' post-secondary education. The federal government encourages the making of these loans by having the United States Secretary of Education pay part of the student's interest and

1

costs and guaranteeing repayment of the loan if the student defaults. The program is known as the Federal Family Education Loan Program ("FFELP"). *Id.* at ¶ 5.

To assist the Secretary of Education in implementing and operating the FFELP, the HEA provides that the Secretary may enter into agreements with guaranty agencies. A guarantee agency guarantees payment of a loan made by an eligible lender and pays the holder of the loan if the student defaults. The Secretary thereafter reimburses the guaranty agency for all or part of these payments under a re-insurance agreement with the agency. Guaranty agencies also receive funds to administer the FFELP on behalf of the Secretary, including collecting defaulted student loans for which the guaranty agency has paid the holder and received reimbursement from the Secretary. *Id.* at ¶ 6.

Guaranty agencies have the authority to administratively issue orders to defaulted borrowers' employers requiring them to withhold 15% of the disposable income of the borrowers. Guaranty agencies may sue employers who do not deduct and pay over as directed in the withholding order. *Id.* at ¶ 7.

ECMC is a guaranty agency under the FFELP. *Id.* at ¶ 8. Yolanda A. Peaks Bell, the borrower, owes a student loan debt to ECMC that is in default. *Id.* at ¶ 9. Yolanda A. Peaks Bell is employed by defendant, The Higher Peaks Learning Academy. *Id.* at ¶ 10. As her employer, defendant pays wages to the borrower. *Id.* at ¶ 11. On September 28, 2010, ECMC served the borrower with the required thirty day notice prior to wage withholding. *Id.* at ¶ 12. No hearing was requested, and ECMC was issued a withholding order on November 8, 2010. *Id.* at ¶ 13. Defendant has failed to comply

2

with the withholding order and has not remitted any of the borrower's wages in accordance with the order.  *Id.* at ¶ 14.

The complaint alleges that defendant is liable for any and all amounts it failed to withhold following receipt of the withholding order.  *Id.* at ¶ 18. The complaint also seeks an injunction requiring defendant to withhold and remit fifteen percent of the borrower's disposable earnings, or the amount required under 15 U.S.C. § 1673, if less, until the borrower's student loan debt is paid in full or the borrower terminates her employment with defendant, whichever occurs earlier. The complaint also seeks attorney fees, punitive damages, and pre- and post-judgment interest as allowed by law.

<u>Default Judgment</u>. If a defendant who is served with summons and complaint or who waives service fails to timely answer or otherwise respond to the complaint, plaintiff may request and the Clerk of Court will normally enter default.  Rule 55(a), Fed. R. Civ. P.  The Clerk may enter judgment only "[w]hen the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain . . . ."  *Id.*

When a defendant is in default, plaintiff's well-pled factual allegations relating to liability are normally accepted as true.  *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *Fair Housing of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002); *Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich 1983).  On the other hand, allegations as to damages are not accepted as true.  *See Antoine,* 66 F.3d at 110; *Kelley,* 567 F. Supp. at 841;

3

*see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "Ordinarily, the District Court must hold 'an evidentiary proceeding in which the defendant has the opportunity to contest the amount [of damages].'" *Antoine,* 66 F.3d at 110 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). Rule 55 does not require an evidentiary hearing as a prerequisite to the entry of default judgment if damages are contained in documentary evidence or detailed affidavits and can be ascertained by computation on the record before the Court.

Plaintiff maintains that it is entitled to the entire amount of the borrower's underlying debt as a part of its compensatory damages. In the alternative, plaintiff seeks an award of punitive damages equal to the remaining amount of the underlying debt on the basis that the defendant has ignored its legal obligation to remit a portion of the borrower's wages. ECMC contends it has made multiple attempts to contact defendant in an effort to resolve this matter, and defendant has failed to respond. Additionally, defendant ignored the summons in this case and failed to defendant this action.

Plaintiff is required to prove its damages by a preponderance of the evidence. Under section 1095a of title 20 of the United States Code, defendant is liable for "any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys' fees, costs, and, in the court's discretion, punitive damages. . . ." 20 U.S.C. § 1095a. Although

4

plaintiff has cited cases where courts have awarded damages equaling the total amount owing, these cases were unpublished and not provided to the Court. Plaintiff is not in position to know what 15%[1] of the borrower's disposable pay has been for the relevant time period. Plaintiff asks the Court to either assume that 15% percent of the borrower's disposable equals $28,684.40. Plaintiff is permitted to serve discovery requests on defendant in order to determine its damages authorized under Section 1095a.

Defendant The Higher Peaks Learning Academy, Inc. is ORDERED to provide timely responses to plaintiff's requests for discovery. Failure to comply with this Order will subject defendant to sanctions and place it in contempt of Court.

Counsel are DIRECTED to telephone my office within 30 days of the date of this Order to schedule a telephone status conference.

The Clerk of Court is DIRECTED to mail a copy of this Order to defendant The Higher Peaks Learning Academy, Inc., 2775 Cleveland Avenue, Columbus, Ohio 43224.

s/ Mark R. Abel
United States Magistrate Judge

---

[1]The complaint seeks a mandatory injunction requiring defendants to withhold and remit 15% percent, but the motion for default judgment states that ECMC is entitled to 10% of the borrower's weekly disposable income. *See* doc. 6-1 at p. 2. Section 1095a(a)(1) states that "the amount deducted for any pay period may not exceed 15 percent of disposable pay. . . . " 20 U.S.C. § 1095a(1).