IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Education Credit Management Corporation, | : | |
| | : | Civil Action 2:12-cv-00015 |
| Plaintiff | : | Judge Sargus |
| v. | : | Magistrate Judge Abel |
| The Higher Peaks Learning Academy, Inc., | : | |
| Defendant | | |

**Report and Recommendation**

This matter was set for a damages hearing before the Magistrate Judge on October 18, 2012 at 2:00 p.m. Notice of the hearing was served on defendant The Higher Peaks Learning Academy, Inc., Yolanda Peaks-Bell, CEO and Executive Director, The Higher Peaks Learning Academy, Inc., and Lynchelle Boswell, Director, The Higher Peaks Learning Academy, Inc. Counsel for plaintiff appeared, but no representative of The Higher Peaks Learning Academy, Inc. appeared.

Pursuant to 20 U.S.C. § 1095(a)(6), Educational Credit Management Corporation is entitled to recover the amount that defendant has failed to withhold from the borrower's wages since the date of the withholding order, plus attorneys' fees, costs, and punitive damages. Since November 8, 2010, defendant has been under a legal duty to withhold and remit to Educational Credit Management Corporation 15% of the borrower's

1

disposable income, and defendant has failed to withhold and remit to Educational Credit Management Corporation 15% of the borrower's disposable income.

The Magistrate Judge RECOMMENDS that JUDGMENT be entered in favor of plaintiff in the amount of $8,625.00[1] in addition to $5,611.00 in attorney fees and $557.73 in costs.

Defendant Higher Peaks Learning Academy and Yolanda Peaks-Bell, individually and as CEO and Executive Director of The Higher Peaks Learning Academy, are DIRECTED to submit to plaintiff and to the Court a sworn statement of Yolanda Peaks' wages since November 8, 2010 and to produce copies of her W-2s and pay stubs on or before November 16, 2012.

The Magistrate Judge also RECOMMENDS that the Court hold defendant Higher Peaks Learning Academy and Yolanda Peaks-Bell, individually and as CEO and Executive Director of the Higher Peaks Learning Academy, in civil contempt and issue an arrest warrant for Peaks-Bell to be held in custody until Yolanda Peaks-Bell complies with all orders of the Court unless The Higher Peaks Learning Academy provides the Court with the record of Yolanda Peaks-Bell's wages since November 8, 2010, including all W-2s for her and all checks written with Yolanda Peaks-Bell as the payee on or before November 16, 2012.

---

[1] This amount assumes that borrower Yolanda Peaks has earned an annual salary of $30,000 since November 8, 2010. Based on that assumption, defendant Higher Peaks Learning Academy owes plaintiff $8,625.00 in addition to plaintiff's attorney fees and costs.

The Magistrate Judge further RECOMMENDS that the Court enjoin defendant Higher Peaks Learning Academy and Yolanda Peaks-Bell to comply in future wage garnishment and that the Court maintains jurisdiction over this case to enforce the injunction.

The Clerk of Court is DIRECTED to mail a copy of this Order to Yolanda Peaks-Bell, CEO and Executive Director, The Higher Peaks Learning Academy, Inc., 2775 Cleveland Avenue, Columbus, Ohio 43224.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir. 1991).

s/ Mark R. Abel  
United States Magistrate Judge
